1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MARION SIMS,         ) | Case No. C 15-3003 PSG (PR) |
|                   ) | |
|          Plaintiff,     ) | **ORDER OF DISMISSAL WITH** |
|                   ) | **LEAVE TO AMEND** |
|    v.                  ) | |
|                   ) | |
| B. HEDRICK, et al.,        ) | |
|                   ) | |
|          Defendants.   ) | |
| _____ ) | |

James Marion Sims, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives Sims leave to amend to specify his claims for relief.

## I.  DISCUSSION

A.       Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its

_____

[1]  Sims has consented to magistrate judge jurisdiction.  *See* Docket No. 1 at 4.

[2]  *See* 28 U.S.C. § 1915A(a).

Case No. C 15-3003 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1  review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

2  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

3  defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally

4  construed.[4]

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7  the alleged deprivation was committed by a person acting under the color of state law.[5]

8  B.      Sims' Claims

9        Sims alleges that on August 10, 2013, defendant Correctional Officer J. Collier injured

10  Sims' right shoulder.  After the injury, Sims asked for medical attention, but Collier denied it.

11  Later that day, defendant Sgt. Tomasian approached Sims' cell door and Sims told Tomasian that

12  he needed medical attention.  Sims showed Tomasian his bruised and swollen shoulder.

13  Tomasian also denied Sims' request to call for medical assistance.  Approximately one week

14  later, Sims told defendant Chief Deputy Warden B. Hedrick that Sims had been injured and

15  needed to see a doctor.  Hedricks also denied Sims medical treatment.[6]

16        As currently pled, Sims' complaint fails to state a cognizable claim for relief.  At most,

17  he has stated a claim that Defendants were negligent in failing to call for medical assistance.

18  However, a claim of medical malpractice or negligence is insufficient to make out a violation of

19  the Eighth Amendment.[7]  To allege a violation of the Eighth Amendment's proscription against

20

21  [3] *See* 28 U.S.C. § 1915A(b)(1), (2).

22  [4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

23  [5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

24  [6] From Sims' allegations, a reasonable inference can be made that Hedrick denied the medical
25  treatment because Sims had filed a federal complaint against one of Hedrick's officers.
    However, the court notes that Sims already has a pending federal civil rights case in this court,
26  *Sims v. Hedrick*, No. 14-4892 PSG (pr) (N.D. Cal. filed Nov. 4, 2014), in which Sims is
    litigating that exact retaliation claim.
27

28  [7] *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

Case No. C 15-3003 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
2

cruel and unusual punishment, a plaintiff must show that defendant was deliberately indifferent to his serious medical needs.[8] A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."[9] A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[10] The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."[11] If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.[12]

Even liberally construed, the allegations do not give rise to the reasonable inference that any of the Defendants were deliberately indifferent to Sims' serious medical needs. Sims nevertheless is entitled to an opportunity to amend his complaint to allege these necessary specifics if he believes in good faith that he can state a cognizable federal claim.

## II.  CONCLUSION

The court orders as follows:

1.     The complaint is DISMISSED with leave to amend.  Sims shall file an AMENDED COMPLAINT within thirty days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 15-3003 PSG (PR)) and the words AMENDED COMPLAINT on the first page.  Sims may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint within

---

[8]  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[9]  *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).

[10]  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[11]  *Id.*

[12]  *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Case No. C 15-3003 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2.      Sims is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[13]  Defendants not named in an amended complaint are no longer defendants.[14]

3.      It is Sims' responsibility to prosecute this case.  He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  10/6/2015

PAUL S. GREWAL
United States Magistrate Judge

---

[13] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[14] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 15-3003 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND