1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12 | JAMES MARION SIMS,         )    Case No. C 15-3003 PSG (PR)
                                       )

13 |              Plaintiff,    )    **ORDER OF SERVICE AND**
                                       )    **DIRECTING DEFENDANTS TO**

14 |    v.                  )    **FILE DISPOSITIVE MOTION**
                                     )    **OR NOTICE THAT SUCH**

15 | B. HEDRICK, et al.,      )    **MOTION IS UNWARRANTED**
                                       )

16 |           Defendants.  )
                                       )

17
18

     James Marion Sims, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, the court serves the amended complaint on defendants, and directs them to file a dispositive motion or notice regarding such motion.

19
20

## I. DISCUSSION

21

A.    Standard of Review

22
23
24

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

25

26 | [1] Sims has consented to magistrate judge jurisdiction. *See* Docket No. 1 at 4.

27 | [2] *See* 28 U.S.C. § 1915A(a).

28 | Case No. C 15-3003 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.    Sims' Claims

Sims alleges that on August 10, 2013, Defendant Correctional Officer J. Collier injured Sims' right shoulder.  After the injury, Sims requested that Collier call for medical assistance several times, but Collier denied all of Sims' requests, even though he knew that Sims was hurt and in pain.  Later that day, Defendant Sgt. Tomasian approached Sims' cell door and Sims told Tomasian that he needed medical attention because Collier had injured him.  Sims showed Tomasian his bruised and swollen shoulder.  Tomasian denied Sims' requests to see a doctor, and continued to deny the requests for two months, even after Tomasian was told by medical staff that Sims was injured.

Liberally construed, Sims states a cognizable claim that defendants exhibited deliberate indifference to his serious medical needs.

## II. CONCLUSION

The court orders as follows:

1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, a Magistrate Judge consent form, and a copy of this order

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 15-3003 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1     to **Correctional Officer J. Collier and Sergeant Tomasian** at **Salinas Valley State Prison**.

2     The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this order to

3     the California Attorney General's Office.

4          2.       Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

5     requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

6     Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on

7     behalf of Sims, to waive service of the summons, fail to do so, they will be required to bear the

8     cost of such service unless good cause be shown for their failure to sign and return the waiver

9     form.  If service is waived, this action will proceed as if defendants had been served on the date

10     that the waiver is filed, except that pursuant to Fed. R. Civ. P. 12(a)(1)(B), defendants will not be

11     required to serve and file an answer before sixty (60) days from the date on which the request for

12     waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver

13     form that more completely describes the duties of the parties with regard to waiver of service of

14     the summons.  If service is waived after the date provided in the Notice but before defendants

15     have been personally served, the answer shall be due sixty (60) days from the date on which the

16     request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever

17     is later.

18          3.       No later than sixty (60) days from the date the waiver is sent, defendants shall file

19     one comprehensive motion for summary judgment or other dispositive motion with respect to the

20     cognizable claim in the complaint.  At that time, defendants shall also submit the Magistrate

21     Judge's consent form.

22          Any motion for summary judgment shall be supported by adequate factual documentation

23     and shall conform in all respects to Fed. R. Civ. P. 56.  Defendants are advised that summary

24     judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If

25     defendants are of the opinion that this case cannot be resolved by summary judgment, they shall

26     so inform the court prior to the date the summary judgment motion is due.

27          4.       Sims's opposition to the dispositive motion shall be filed with the court and

28

Case No. C 15-3003 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1  served on defendants no later than twenty-eight (28) days from the date defendants' motion is

2  filed.  Sims is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

3  (holding party opposing summary judgment must come forward with evidence showing triable

4  issues of material fact on every essential element of his claim).

5     5.     Defendants shall file a reply brief no later than fourteen (14) days after Sims'

6  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.

7  No hearing will be held on the motion unless the court so orders at a later date.

8     6.     All communications by Sims with the court must be served on defendants or

9  defendants' counsel, by mailing a true copy of the document to defendants or defendants'

10  counsel.

11     7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

12  No further court order is required before the parties may conduct discovery.

13     8.     It is Sims' responsibility to prosecute this case.  Sims must keep the court and all

14  parties informed of any change of address and must comply with the court's orders in a timely

15  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

16  pursuant to Fed. R. Civ. P. 41(b).

17     IT IS SO ORDERED.

18  DATED:  3/14/2016

PAUL S. GREWAL

19  United States Magistrate Judge

20

21

22

23

24

25

26

27

28  Case No. C 15-3003 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED