United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JAMES MARION SIMS,

Plaintiff,

v.

TOMASIAN, et al.,

Defendants.

Case No. 15-cv-03003-LB

**ORDER RE. POTENTIAL EXCESSIVE FORCE CLAIM**

In his complaint and amended complaint, James Sims asserted a claim for deliberate indifference to his medical needs. He also summarily mentioned in both documents that his need for medical care existed because he had been injured by correctional officer ("C/O") Collier. (ECF No. 1. at 3; ECF No. 9 at 3.) Although mentioning that he had been injured by C/O Collier, both the complaint and amended complaint plainly focused on the alleged denial of medical care. Magistrate Judge Grewal (to whom the action was then assigned) determined that the amended complaint stated a cognizable claim against C/O Collier and sergeant Tomasian for deliberate indifference to Mr. Sims' medical needs based on their denial of medical care for him, but made no mention of a potential excessive force claim. (ECF No. 10.) Service of process was ordered on C/O Collier and sergeant Tomasian.

The defendants have moved for summary judgment on the claim for deliberate indifference to medical needs. In his opposition to that motion, Mr. Sims elaborates on the use of force, and states: C/O Collier "pushed me up against the wall and assulted me by squeezing my genitals and throw me back down on the shower floor while I was hancuffed behind my back and caused injury to my right shoulder." (ECF No. 48 at 3 (errors in source).)

It is unclear to the court whether Mr. Sims wants to present to the court a claim for excessive force. Although a plaintiff is the master of his pleadings and this plaintiff's pleadings suggest that he was most concerned about the denial of medical care, the court must liberally construe pleadings from *pro se* plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* 'is to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") The amended complaint at least hints at the existence of a possible claim for excessive force claim and the description in the opposition to the motion for summary judgment suggests such a claim could be pled. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). Therefore, out of an abundance of caution, the court will provide Mr. Sims an opportunity to try to plead such a claim.

If Mr. Sims wishes to allege an excessive force claim against C/O Collier, he must file and serve on defense counsel an amendment to his amended complaint no later than **February 13, 2017**. If Mr. Sims does not file an amendment by that deadline, the court will proceed on the basis that Mr. Sims chose not to assert an excessive force claim. The court is directing Mr. Sims to file an *amendment* to his amended complaint rather than a second amended complaint, so that he will only need to allege a claim for excessive force and will not need to repeat the claim for deliberate indifference to medical care. An amendment is read together with the amended complaint, whereas a second amended complaint would supersede the amended complaint. Plaintiff is cautioned that administrative remedies for any excessive force claim must have been exhausted before he filed this action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

After this pleading issue is resolved, the court will address the pending motion for summary judgment.

**IT IS SO ORDERED.**

Dated: January 9, 2017

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MARION SIMS,
Plaintiff,

v.

TOMASIAN, et al.,
Defendants.

Case No. 15-cv-03003-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Marion Sims ID: H90920
Corcoran State Prison 4A Left-56
PO Box 3476
Corcoran, CA 93212

Dated: January 9, 2017

Susan Y. Soong
Clerk, United States District Court

By:______________________
Ada Means, Deputy Clerk to the
Honorable LAUREL BEELER